**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**HERIBERTO VALIENTE,**

    **Plaintiff,**                                  **CASE NO.:**

vs.

**KENDALL CREDIT AND
BUSINESS SERVICE, INC.,**

    **Defendant.**
_____/

## **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant, Kendall Credit and Business Service, Inc. ("Kendall Credit"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby files this Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida. In support hereof, Kendall Credit states as follows:

    1.    Plaintiff, Heriberto Valiente, commenced the above-styled action by filing a Class Action Complaint against Kendall Credit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2022-014163-CA-01, on July 29, 2022. Plaintiff's Complaint alleges four claims: (1) violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10); (2) violation of 15 U.S.C. § 1692g(b); (3) money had and received; and (4) violation of Florida Statutes § 559.72(9).[1]

---

[1] Kendall Credit has not yet responded to the Class Action Complaint. Upon removal, Fed. R. Civ. P. 81(c)(2) provides that a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21

2. This Court has original jurisdiction over Plaintiff's federal-law claims under Title VII pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

3. Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Title 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This Court has supplemental jurisdiction over Plaintiff's state-law claims for money had and received, and under the Florida Consumer Collection Practices Act ("FCCPA"), because they are premised on the same factual allegations as Plaintiff's federal claims under Title VII. *See Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361 (S.D. Fla. 2013) (noting that removal was proper because the district court had original jurisdiction over plaintiff's federal-law claim and supplemental jurisdiction over plaintiff's state-law claims that "arise out of the same nucleus of operative facts" as the federal-law claim).

5. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed by counsel for Kendall Credit pursuant to Fed. R. Civ. P. 11.

---

days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Therefore, Kendall Credit believes that its response to the Class Action Complaint is due on or before October 5, 2022 (7 days after this Notice of Removal was filed).

6. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" Kendall Credit in this action.

7. Pursuant to 28 U.S.C. § 1446(b). this Notice of Removal is timely. On September 8, 2022, Kendall Credit was served with the summons and copy of the Class Action Complaint. This Notice of Removal is being filed within thirty (30) days after service of initial process on Kendall Credit. Therefore, removal is proper and timely under 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

Respectfully submitted,

ISICOFF RAGATZ
601 Brickell Key Drive
Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: ___/s/ Matthew L. Lines___
    Eric D. Isicoff
    Fla. Bar No. 372201
    Isicoff@irlaw.com
    Matthew L. Lines
    Florida Bar No. 0243980
    Lines@irlaw.com
    Catherine A. Mancing
    Florida Bar No. 23765
    Mancing@irlaw.com

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via email on this September 28, 2022, 2022 upon:

Thomas Patti, Esq.
Victor Zabaleta, Esq.
Patti Zabaleta Law Group
3323 NW 55 Street
Fort Lauderdale, FL 33309

              /s/ Matthew L. Lines
                Matthew L. Lines